T.C. Memo. 2000-43

UNITED STATES TAX COURT

STUART M. SMITH, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3183-99.                    Filed February 9, 2000.

Stuart M. Smith, Jr., pro se.

<u>Alvin A. Ohm</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notices dated December 9, 1998, respondent determined the following deficiencies and additions to tax relating to petitioner's Federal income taxes:

| Year | Deficiency | Sec. 6651(a) | Sec. 6654 |
|------|-----------|--------------|-----------|
| 1992 | $3,011 | $742 | $129 |
| 1993 | 3,807 | 952 | 159 |
| 1994 | 5,783 | 1,446 | 298 |
| 1995 | 5,496 | 1,359 | 296 |
| 1996 | 5,817 | 1,453 | 309 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the remaining issues for decision are whether petitioner is liable for:  (1) Income and self-employment taxes relating to reconstructed self-employment income and (2) additions to tax.

FINDINGS OF FACT

Petitioner resided in Dallas, Texas, at the time his petition was filed.  During the years in issue, petitioner worked in both permanent and temporary positions for various businesses. Petitioner received $25,968, $21,103, $7,398, $10,936, and $5,529 of wages, interest income, and unemployment compensation relating to 1992, 1993, 1994, 1995, and 1996, respectively.  Petitioner did not file tax returns for any of the years in issue.

On July 24, 1996, petitioner submitted a Pre-Employment Questionnaire (questionnaire) to Jakes' Temps.  On the questionnaire, petitioner listed several previous employers. Petitioner stated that he worked for Pro Staff during 1995 and

for Perrier Group of America during 1995 and 1996.  At the time he made his determinations, respondent had no record (i.e., no Forms W-2 or 1099) of petitioner's working for either of these businesses.

Petitioner failed to provide respondent with any information relating to his income.  Respondent, using 1992 as the base year, reconstructed petitioner's gross income relating to 1993 through 1996 by applying the Consumer Price Index (CPI) method to 1993 through 1996 and subtracting income reported on Forms W-2 and 1099.  On December 9, 1998, respondent mailed petitioner notices of deficiency in which respondent determined that petitioner: (1) Received self-employment income of $5,524, $19,986, $17,165, and $23,329 relating to 1993, 1994, 1995, and 1996, respectively; and (2) was liable for income tax and, pursuant to section 1401, self-employment tax.

OPINION

I.   Reconstructed Self-Employment Income

Generally, a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is erroneous.  See Welch v. Helvering, 290 U.S. 111, 115 (1933). The Court of Appeals for the Fifth Circuit, where an appeal would lie, has recognized, however, that "a court need not give effect to the presumption of correctness in a case involving unreported income if the Commissioner cannot present some predicate evidence

supporting its determination." Portillo v. Commissioner, 932
F.2d 1128, 1133 (5th Cir.), affg. in part and revg. and remanding
in part T.C. Memo. 1990-68. If the presumption of correctness
does not apply, respondent's determination will be deemed
arbitrary, and he will bear the burden of proving it correct.
See Sealy Power, Ltd. v. Commissioner, 46 F.3d 382, 386 (5th Cir.
1995), affg. in part and revg. and remanding in part T.C. Memo.
1992-168. Thus, respondent must establish that he had predicate
evidence for his determinations that petitioner received self-
employment income relating to 1993 through 1996.[1]

Respondent has established that he had predicate evidence
(i.e., the questionnaire) for his determinations that petitioner
received self-employment income in 1995 and 1996. The
presumption of correctness is applicable, and petitioner failed
to present sufficient evidence establishing that these
determinations are erroneous. Accordingly, we sustain
respondent's determinations relating to petitioner's income and
self-employment tax deficiencies relating to 1995 and 1996.

Respondent failed, however, to establish that he had
predicate evidence for his determinations that petitioner

---

[1] Respondent, citing Parker v. Commissioner, 117 F.3d 785
(5th Cir. 1997), contends that he does not have to establish
predicate evidence for these determinations. We disagree. The
holding in Parker applies only to Commissioner's determinations
relating to income reported by third-party payors. See id. at
787 (holding that respondent has no duty to investigate third-
party payment reports that are not disputed by the taxpayer).

received self-employment income in 1993 and 1994.  See, e.g.,
Senter v. Commissioner, T.C. Memo. 1995-311 (concluding that
respondent failed to provide predicate evidence to support her
deficiency determinations based on CPI calculations).  Therefore,
respondent has the burden of coming forward with evidence to
establish the existence and amount of any deficiency.  See
Jackson v. Commissioner, 73 T.C. 394, 401 (1979).  Respondent
failed to present any evidence relating to these determinations.
Accordingly, we do not sustain respondent's determinations
relating to petitioner's income and self-employment tax
deficiencies relating to 1993 and 1994.

II.  Additions to Tax

Respondent determined that petitioner is liable, pursuant to
sections 6651(a) and 6654, for additions to tax for failure to
file timely Federal income tax returns and to make estimated tax
payments, respectively, relating to the years in issue.
Petitioner failed to present any evidence relating to these
issues.  Accordingly, we sustain respondent's determinations.

Contentions we have not addressed are irrelevant or
meritless.

To reflect the foregoing,

Decision will be entered
under Rule 155.